CONTINENTAL & COMMERCIAL NAT. BANK OF CHI-
CAGO, Respondent, v. McGINTY, et al, Appellants.

(220 N. W. 865.)

(File No. 6036. Opinion filed August 10, 1928.)

*House & Eastman*, of Chamberlain, for Appellants.

*Lauritz Miller* and *Fred D. Shandorf*, both of Mitchell, for
Respondent.

POLLEY, J. This action is brought to recover on a contract
of guaranty. The contract reads as follows:

"Kimball, South Dakota, Dec. 22d, 1920.
"To the Western National Bank of Mitchell,
Mitchell, South Dakota.

"For value received, and for the purpose of enabling the
Kimball State Bank, Kimball, South Dakota, to obtain credit from
you, the undersigned jointly and severally hereby guarantee prompt
payment at maturity, or at any time thereafter, of any and all in-
debtedness upon which said Kimball State Bank now is or may
hereafter from time to time become obligated or bounden to you
either as principal or as guarantor or indorser and for any and all
paper sold to you by the Kimball State Bank and indorsed 'with-
out recourse' and agree to pay all costs and expenses incurred by

you in enforcing this guaranty, whether against ourselves or the said Kimball State Bank.

"Notice of acceptance of this guaranty and of any and all indebtedness or liability accepted by us during its existence is hereby waived. This instrument shall continue and apply to all existing indebtedness and to all loans sold to you by the Kimball State Bank and indorsed 'without recourse' and liabilities heretofore or hereafter accepted and received by you until written notice is received by you from the undersigned, or, in case of death, from heirs, executors or administrators not to make further advances upon the faith hereof.

"This guaranty is and shall be in every particular, available to the successors and assigns of said bank, and is and always shall be fully binding upon the heirs, executors and administrators of each of us.

"It is further understood and agreed that no act or omission of any kind on your part in the premises shall in any way whatsoever affect or impair this guarantee.

"It is further understood and agreed that the release of any of the undersigned shall not release any other from obligation hereunder, but no release shall be given without the written consent of all the signers thereto.

"[Signed]                                    S. S. Stowell.
                                             "Ward B. Dyer.
                                             "J. R. McClenahan. .
                                             "John McClenahan."

Thereafter, and while said guaranty was in force, defendant McGinty, for value received, made, executed, and delivered to the said Kimball State Bank his promissory note, whereby he promised to pay to said bank the sum of $4,000 on the 12th day of March, 1924. This note was indorsed "without recourse," and transferred to the Western National Bank of Mitchell before maturity. Thereafter, and before maturity, the Western National Bank indorsed said note and transferred it, together with the said contract of guaranty, to the plaintiff in this action. The note not being paid when due, plaintiff brought this action against the maker of the note and the guarantors on the said contract of guaranty. McGinty appears to have entered no appearance in the case. The other defendants demurred to the complaint on the ground that the

complaint fails to state a cause of action against them. The demurrer was overruled, and defendants appeal.

It is the contention of defendants that the guaranty is special and inures to the benefit of the Western National Bank only. In support of this contention, appellants say:

"There is no privity of contract between them and the respondent by reason of the fact that the contract of guaranty is special rather than general and as such was not assignable at least until a cause of action rose thereunder."

But this contention wholly overlooks the following paragraph in the contract:

"This guaranty is and shall be in every particular available to the successors and assigns of said bank, and is and always shall be fully binding upon the heirs, executors and administrators of each of us."

The word "assigns" in this paragraph is used as a noun and has the same meaning as "assignee" or transferee, one to whom an assignment is made. In the new Oxford Dictionary "assign" is defined as "one to whom a property or right is legally transferred."

It seems quite clear to us that it was the intention of the guarantors, when they signed the guaranty contract, to guarantee the payment of such notes as might be indorsed "without recourse" by the Kimball State Bank, and transferred to the Western National Bank, whether in the hands of that bank or in the hands of its assigns or indorsees.

In our opinion the complaint states a cause of action and the demurrer was properly overruled.

The order appealed from is affirmed.

BURCH, P. J., and BROWN, J., concur.

SHERWOOD and CAMPBELL, JJ., not sitting.